UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHARON JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BLEIGH CONSTRUCTION COMPANY, ) | |
| ) | Case No. 2:19-CV-00017 NAB |
| Defendant and Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Third-Party Defendant ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Third-Party Defendant United States of America's (the "Government") Motion to Dismiss Third-Party Plaintiff Bleigh Construction Company's ("Bleigh") complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 12). The Government claims that the doctrine of derivative jurisdiction deprives this Court of subject matter jurisdiction over Bleigh's claim. Bleigh responded to the motion, asserting that the Government's removal under 28 U.S.C. § 1442(a)(1) does not defeat subject matter jurisdiction. (Doc. 14). The Government filed a reply brief (Doc. 15) and the matter is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 10). For the following reasons, the Court will deny the Government's motion to dismiss.

**I.     Background**

On February 24, 2016, Plaintiff Sharon James ("Plaintiff" or "James") fell and was injured

while walking through a construction zone in the Huck Finn Shopping Center in Hannibal, Missouri. Plaintiff alleges that she was walking through the construction zone in order to reach a United States mailbox, which was located within the perimeter of the construction zone. Bleigh alleges that prior to that date, it had contacted the United States Postal Office in Hannibal to request that the mailbox be relocated for the duration of the construction. Bleigh further alleges that a United States Postal Service employee refused to relocate the mailbox or cause it to be out of service while construction was ongoing.

James filed a negligence lawsuit against Bleigh in the Circuit Court of Marion County, Missouri. Bleigh subsequently filed a third-party complaint in state court against the Government, arguing that the Government was contributorily negligent in its alleged failure to relocate the mailbox. The Government then removed the action to federal court pursuant to 28 U.S.C. § 1442(a)(1), which states in pertinent part that a civil action against the United States or "any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an individual capacity for any act under color of such office . . ." may be removed to "the district court of the United States for the district and division embracing the place wherein it is pending."

**II.  Analysis**

The Government premises its argument that this Court should dismiss the complaint against it on the doctrine of derivative jurisdiction. Under this judicially created doctrine, a federal court's jurisdiction over a removed case is derivative of the jurisdiction of the state court from which the case was removed. Essentially, the Government asserts that the Missouri Circuit Court was without jurisdiction to hear the claim against it due to its status as a federal agency, and therefore this Court was unable to acquire, or derive, jurisdiction from the state court upon removal.

The Supreme Court, in describing this doctrine, stated, "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction

of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377, 382 (1922); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981); *Minnesota v. United States*, 305 U.S. 382, 389 (1939).

In *North Dakota v. Fredericks*, 940 F.2d 333 (8th Cir. 1991), the Eight Circuit Court of Appeals, in the wake of a 1985 amendment[1] to 28 U.S.C. § 1441, held that the doctrine of derivative jurisdiction should be entirely abandoned. The Court noted that the doctrine had long been criticized by various courts and scholars, and proceeded to enthusiastically join the chorus of critics. *Id*. at 336. The Eighth Circuit characterized the doctrine as the "kind of rigmarole [that] is unworthy of a civilized judicial system." *Id*. It noted that the doctrine "owes its origin to nothing whatever in the removal statutes themselves, but rather to a formalistic conception, entirely divorced from reality, that a case originally filed in a court without jurisdiction is doomed to be a nullity forever, even after transfer to a completely different forum." *Id*. at 338. The *Fredericks* court further stated that the doctrine was nothing more than a "judicial gloss" on the removal statutes that served no purpose other than to impose convoluted procedural machinations[2] on the parties that "made no sense." *Id*. at 336. The *Fredericks* court then determined that even though the 1985 amendments were specifically applicable only to § 1441, it would apply the judicial technique of "the equity of the statute," to "distill from [the] statute its basic purpose," and held accordingly that

---

[1] The 1985 amendment provided: "The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." Judicial Improvements Act of 1985, Pub. L. 99-336, 100 Stat. 633.

[2] As an example of such "convoluted procedural machinations," the Court posed the following example: "[S]uppose someone sued you in a state court claiming infringement of a patent. Realizing that such matters are inherently federal, you file a petition for removal. The federal court, however, refuses to entertain the case. Federal district courts have original and exclusive jurisdiction of patent-infringement cases. The state court therefore had no jurisdiction at all, and the federal court on removal, as a sort of off-shoot of the state court, can have none, either. The result is that a federal court refuses to entertain a case over which only it has jurisdiction. Presumably, the plaintiff then refiles in the federal court, or you, as defendant, file suit for declaratory judgment in that court, so in the end the federal court will decide the dispute. Congress acted in 1985 to repeal this doctrine because it realized that it made no sense." *Fredericks*, 940 F.2d at 336.

3

"the doctrine of derivative jurisdiction, as applied to defeat removals, should be abandoned completely." *Id*. at 338.

In 2002, Congress again amended § 1441, adding the phrase, "under this section" to § 1441(f), so that it now states: "The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f). The Government argues that the 2002 amendment to § 1441 effectively abrogates *Fredericks'* holding that derivative jurisdiction should be abandoned as applied to all removal cases, effectively confining its holding only to cases removed under § 1441. The Government notes that a circuit split has arisen as to whether the derivative jurisdiction doctrine has been entirely abolished as to all removal cases, or only abrogated under § 1441. The Government urges this Court to be guided by decisions from three other circuits, which have determined that the doctrine remains in place for removals under § 1442, citing to *Lopez v. Sentrillon Corp*. 749 F.3d 347, 351 (5th Cir. 2014) ("[A]ny ambiguity about the endurance of the derivative jurisdiction doctrine as applied to removals under § 1442 was eliminated when Congress amended § 1441 in 2002 to add the words "removed under this section."); *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011) ("[F]or whatever reasons, Congress intended to keep the [derivative jurisdiction] doctrine in place" for removals other than those under § 1441."); *Palmer v. City Nat'l Bank of W. Va.,* 498 F.3d 236, 246 (4th Cir. 2007) (same). Finally, the Government cites to a district court case out of Iowa that considered this issue and also determined that the 2002 amendment effectively overturned *Fredericks* as it applies to removal statutes other than § 1441. *See Bush v. City of Bettendorf, Iowa*, No. 3:15-cv-00034-JAJ, 2015 WL 12834380 (S.D. Iowa, Aug. 31, 2015) ("While the Eighth Circuit has not addressed the doctrine of derivative jurisdiction since the 2002 amendments, the statute now makes it clear that the doctrine has only lost effect for removals under § 1441."). The

Government urges this Court to adopt the reasoning of the *Bush* court and determine that because the Eighth Circuit has not opined on the derivative jurisdiction doctrine following the 2002 amendments, this Court is no longer compelled to follow *Fredericks*. (Doc. 15 at 3).

Bleigh argues that the Eighth Circuit's abandonment of derivative jurisdiction in *Fredericks* is still good law, "as it has not been overturned by any Supreme Court holding, Eighth Circuit holding, or by explicit act of Congress legislatively recognizing the derivative jurisdiction doctrine." (Doc. 14 at 3). In support of its argument, Bleigh directs this Court's attention to other district courts in the Eighth Circuit that have confronted this question and determined that *Fredericks* was not abrogated by the 2002 amendments to the removal statutes. In *Glorvigen v. Cirrus Design Corp.*, No. 06-2661, 2006 WL 3043222 (D.Minn., Oct. 24, 2006), the case was removed from Minnesota state court after a third party claim was brought by defendants against employees of the Federal Aviation Administration. The case was removed under federal removal statute, 28, U.S.C. § 1446. *Id.* at *1. The government defendants in that case similarly argued that the 2002 amendment abrogated *Fredericks* as to all removal provisions except § 1441. *Id.* at *2. The court determined that *Fredericks* is still binding on district courts in the Eighth Circuit, because, among other reasons, nothing in the text of the 2002 amendment or its legislative history suggested that it was the intent of Congress to reinstate the doctrine as to removal provisions other than § 1441. *Id.* at *3. Bleigh also points this Court to *Topp v. Grooms & Co. Constr., Inc.,* No. 4:10-CV-00221, 2010 WL 11565142 (S.D. Iowa, Aug. 31, 2010), in which the case was removed to federal court pursuant to § 1442. The *Topp* court specifically adopted the reasoning of the court in *Glorvigen*, holding that "this Court is bound by *Fredericks* . . . [because] it is still the law of the Eighth Circuit." *Id.* at *6 (quoting *Glorvigen*, 2006 WL 3043222 at *3).

The undersigned is persuaded that because the doctrine of derivative jurisdiction is entirely a creature of judicial invention, and not in any way mandated by language in the removal statutes,

5

the courts have been and remain free to utilize or discard the doctrine as they see fit. It follows, then, that the 2002 amendments to the removal statute did not act to abrogate *Fredericks*. This Court agrees with the analysis of the district judges in Minnesota and Iowa who held that *Fredericks* remains binding law in the Eighth Circuit. *See Topp*, 2010 WL 11565142 at *6 ("Given the narrow scope of the 2002 amendment, and the broad holding of *Fredericks*, the court does not agree with the United States that the 2002 amendments to § 1441 undermine the application of *Fredericks* to § 1442."); *Glorvigen*, 2006 WL 3043222 at *3 ("[N]either the text nor the sparse legislative history of the 2002 amendment contains any indication that Congress intended to overturn the complete abandonment of the doctrine by the *Fredericks* court.").

As discussed above, in *Fredericks* the Eighth Circuit utterly abandoned the derivative jurisdiction doctrine as applied to all removal statutes. *Fredericks*, 940 F.2d at 338. Additionally, and as noted by the court in *Topp*, while the Eighth Circuit has not directly revisited this issue since *Fredericks*, it did reinforce the conclusion that *Fredericks* is still good law in the Eighth Circuit in a 2009 opinion, when it rejected an analogous issue of derivative federal jurisdiction. *See St. Clair v. Spigarelli*, No. 08-2673, 2009 WL 3352014, at *1 (8th Cir. Oct. 20, 2009) (holding that "a state law venue defect is not grounds for dismissal of a removed action," and in support, citing *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1298-1300 (11th Cir. 2001), which, in turn, relied on *Fredericks*). Furthermore, though the legislative history of the 2002 amendments may be sparse, as noted in *Glorvigen*, the same cannot be said of the legislative history of the 1985 amendments, and this Court finds that history to be both relevant and illuminating. When discussing derivative jurisdiction generally, Congress noted that the doctrine "seems to further no intelligible policy," and that in amending the statute they sought to "eliminate[ ] this arcane rule, so wasteful to finite judicial resources." H.R.Rep. No. 99-423, 99th Cong., 1st Sess. 13 (1985), U.S. Code Cong. & Admin. News 1986, p. 1545. This Court sees no principled reason why these sentiments should

apply only to removal under § 1441 and not to removal under other statutory provisions, such as § 1442. Simply because Congress decided to statutorily abolish the doctrine as to § 1441 does not indicate that it intended to revive the doctrine for § 1442 or the other removal provisions. *See Glorvigen*, 2006 WL 3043222 at *3 ("Congress's failure to discuss an issue 'can be likened to the dog that did not bark' and may be probative to discern congressional intent.") (quoting *Chisom v. Roemer*, 501 U.S. 380, 396 n.23 (1991)). For the above stated reasons, the Court will deny the Government's request to dismiss the claim against it under the theory of derivative jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant United States of America's Motion to Dismiss (Doc. 12) is **DENIED**.

Dated this 8th day of May, 2019.

/s/Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE